Insurers have the right to insist upon the due observance of every condition to which the assured has assented by accepting the policy or otherwise, and to the benefit of every restriction and limitation upon their liability, provided for in the contract of insurance. In the interpretation of conditions inserted in and making a part of the contract by insurers and in language chosen by them, care should be taken that a strained and unnatural effect should not be given to words and terms to the prejudice of the insured, and in no case should they be extended by implication, so as to embrace cases not clearly or reasonably within the very words of the *Page 389 
condition, as such words are ordinarily used and understood. No opinion was prepared or reasons assigned by the Supreme Court for the reversal of the judgment of the referee. Upon a careful examination of the whole case, although the facts are not before us for review, we have been unable to discover any error of law or of fact in the rulings and decision, or final report and judgment of the referee. There is no ambiguity in the clause in the policy which is relied upon as the foundation of the defence or in the report of the referee upon the facts bearing upon the alleged breach of the condition referred to. The plaintiffs had procured from the defendant and availed themselves of a carpenters' and mechanics' risk for two months, which had expired on the first day of March preceding the destruction of the premises by fire, and they had during that time made, as it would seem, extensive repairs and improvements to and changes in the insured dwelling. Work under this special permit had ceased or been suspended, and which word is used is not material, for some two weeks when the plaintiffs commenced the further repair of the house by putting on new siding on place of the old, which had become decayed and dilapidated. There is no pretence that the work was not properly a repair, a process for the restoration to a sound state of a part of the house which was decayed. It was not a work changing the structure or frame-work of the building, or making additions to it. By the terms of the policy five days were allowed the insured in each year for "incidental repairs, without notice or indorsement," and the policy was not avoided, or the condition against the working of the carpenters and other mechanics in the building, violated by doing the proper work of repair during those days. This work of repair had been in progress less than the five days allowed before the loss of the building by one of the risks insured against. The fire was not caused either proximately or otherwise by the repairs or work then being done, but had its origin in other causes, and entirely without the fault of the assured.
The repairs permitted by the policy are not merely ordinary *Page 390 
repairs, but "incidental," that is occasional repairs, such as are not regular, but as occasion may require, or are proper to be made, to restore or keep the building in proper condition. The restoration of a roof blown off by the winds, the putting on of clapboards torn off by lightning, would be incidental repairs, and within the permit of the policy, although they could hardly be called ordinary repairs. The insured was not tied up either to ordinary or even to necessary repairs. He was at liberty to make such incidental repairs as he deemed necessary or proper for the number of days specified in each year, and did not forfeit his policy because the insurer or some other persons might think they were not necessary.
There was no error in the judgment of the referee, and the order granting a new trial must be reversed, and the original judgment affirmed, with costs.
All concur.
Order reversed and judgment accordingly.