MARY E. MATSON, PLAINTIFF, v. THE FARM BUILDING FIRE INSURANCE COMPANY, DEFENDANT.

*Policy of insurance — prohibition against use of kerosene oil — construed as meaning habitual use.*

Where a policy of insurance provided that the company should not be liable for any loss occasioned by the use of kerosene oil, burning fluid or any chemical oil as a light in any barn or outbuilding, *held*, that it was intended to prohibit the habitual use of the said oil in the buildings, and not its use upon a single occasion.

Accordingly, where the plaintiff's husband entered her barn one morning with a kerosene lamp for the purpose of catching some fowls, one of which flew against the lamp, knocked it over and thereby occasioned the burning of the building, *held*, that she was entitled to recover the amount of her insurance in an action brought by her upon a policy containing the said conditions.

APPLICATION for judgment by the plaintiff upon a verdict directed in her favor, subject to the opinion of the court at General Term.

The action was brought upon a policy of insurance. The defendant set up as a defense a violation of a condition of the policy, providing that "it be covenanted as a condition of this contract that this company shall not be liable for any loss caused by invasion, * * * nor for any loss arising from the use of open lights in barns or where shavings are made, nor occasioned by the use of kerosene oil, burning fluid or any chemical oil as a light in any barn or outbuilding, or from storing ashes in wood-houses, barns or dwellings."

*S. N. Dada,* for the plaintiff.

*S. Earl,* for the defendant. The plaintiff agreed that the policy should be void and the defendant not liable, in case kerosene oil was used as a light in the barn, by which the fire was occasioned ; and as against such a loss the defendant does not insure or agree to become liable. (*Mead* v. *N. W. Ins. Co.,* 7 N. Y., 530 ; *Westfall* v. *The Hudson R. Ins. Co.,* 12 id., 289, 293 ; *De Hahn* v. *Hartley,* 3 Term, 343 ; *The Jeff. Ins. Co.* v. *Cotheal,* 7 Wend., 72 ; *Farmers' Ins. and Loan Co.* v. *Snyder,* 16 id., 481 ; *O'Neil* v. *The Buffalo Fire Ins. Co.,* 3 N. Y., 122 ; 1 Phillips on Ins., 410, chap. 9, § 10 ; Flanders on Ins., 204 ; *Riply* v. *Ætna Ins. Co.,* 30 N. Y., 136 ; Judge MULLIN's opinion at pages 162 and 163.) It is no matter in this case whether the plaintiff knew of the use of the kerosene oil or not, or whether she had knowledge that her husband took the lighted kerosene oil lantern to the barn to catch the chickens. The effect of the breach of the warranty is the same, and the question of liability of the defendant is not to be determined by the fact whether the husband used the kerosene oil lantern with her knowledge or not. (1 Phillips on Ins., 410, chap. 9, § 10 ; 1 Arnould on Ins., 587 [584] ; *Mead* v. *N. W. Ins. Co.,* 7 N. Y., 530 ; *Murdock* v. *The Chenango Co. Mer. Ins. Co.,* 2 id., 210 ; *Duncan* v. *Sun Fire Ins. Co.,* 6 Wend., 488 ; *Worcester* v. *Worcester Ins. Co.,* 9 Gray, 27 ; Flanders on Ins., 480 ; *St. John* v. *Am. Mer. Fire and Marine Ins. Co.,* 11 N. Y., 516 ; *Haywood* v. *London and Liverpool Life and Fire Ins. Co.,* 7 Bosw., 385 ; *Briggs* v. *North Am. and Mer. Ins. Co.,* 53 N. Y., 446.)

MULLIN, P. J.:

The plaintiff insured in the defendant's company two barns and other real and personal property, for the term of three years from the 9th day of May, 1873. The policy contained the following, amongst other provisions and conditions, to wit, that the defendant should not be liable for loss occasioned by the use of kerosene, burning fluid, or any chemical oil, as a light, in any barn or outbuilding.

On the morning of the 19th September, 1874, the plaintiff's husband took a kerosene lamp and went into one of the barns to catch a couple of fowls. He placed the lamp on the end of a plank and then caught one of the fowls; while in pursuit of the other a fowl flew against the lamp, throwing it over in the straw, which took fire and the barn was destroyed.

On the trial, the defendant's counsel asked for a nonsuit, on the ground that the condition above mentioned was violated and the policy thereby rendered void. The court, without expressing any opinion on the question, advised that the counsel consent that a verdict be taken for the plaintiff, subject to the opinion of the court at General Term. They consented, and a verdict was taken accordingly.

The plaintiff now applies for judgment on the verdict.

Policies of insurance are to have a reasonable, as distinguished from a strained or technical construction and when the language is susceptible of two constructions, that one most favorable to the insured must be adopted, as the language is that of the insurers rather than that of the insured. (*Rann* v. *Home Ins. Co.*, 59 N. Y., 387; *Breasted* v. *The Farmers' Loan and Trust Co.*, 4 Seld., 299–305; *Reynolds* v. *Commerce Fire Ins. Co.*, 47 N. Y., 597, 604, 605.)

The condition that the defendant shall not be liable for a loss occasioned by the use of kerosene oil meant the habitual use, as distinguished from the use upon a single occasion.

To construe the condition so as to preclude the taking into the barn a kerosene lamp once in a period of one, two or three years would be exceedingly unreasonable.

Some one of the family of the insured might, while in the barn in the night, fall or break a limb, or a horse might kick and fatally injure him or her, and the only light in the dwelling-house

be a kerosene lamp (the policy does not prohibit the use of kerosene in the dwelling-house), would it not be exceedingly unreasonable to hold the policy void, because another member of the family took such a lamp and carried it into the barn in order to render aid to the person injured ?

The use prohibited, of kerosene, is the habitual, and not the occasional use.

In *Dobson* v. *Sotheby* (22 E. C. L., 481), the policy was upon premises " where no fire is kept, and no hazardous goods are deposited ;" buildings were insured as thus described. The buildings were agricultural buildings, and required tarring, and a fire was lighted inside and a tar barrel brought into the building for the purpose of performing the necessary operations. In the absence, and by the negligence of plaintiff's servants, the tar boiled over, took fire, communicated with that in the barrel, and the premises were burned down.

An action was brought on the policy, and it was insisted, on behalf of the company, that the plaintiff could not recover, as lighting the fire in the barn was in contravention of the policy, but the court held the plaintiff entitled to recover, as the policy prohibited the habitual, and not the occasional use of fire in the building.

The same principle was asserted in *O'Niel* v. *The Buffalo Fire Insurance Company* (3 Comst., 122, 126, 127).

The plaintiff is entitled to judgment on the verdict.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment ordered for the plaintiff on the verdict.