Henry G. Burleigh et al., Appellants, *v.* The Gebhard Fire Insurance Company, Respondent.

The Same, Appellants, *v.* The Adriatic Fire Insurance Company, Respondent.

A policy of fire insurance issued to plaintiffs stated that the property insured was "contained in their frame storehouse, with slate roof, situate *detached at least one hundred feet* on the east side of Lake Champlain." In an action upon the policy, *held* that the words italicised were not mere description of the building, but related to the character of the risk, and amounted to a warranty to the effect that no other buildings of such size and character as to constitute an exposure and increase the risk stood within the distance specified.

It appeared that the only building within one hundred feet was a small office which stood about seventy-five feet from the storehouse. The evidence tended to show, and the trial court found, that this building was not an exposure and did not affect the risk. *Held* that there was no breach of the warranty.

(Argued June 28, 1882; decided October 17, 1882.)

Appeals from orders of the General Term of the Supreme Court in the third judicial department, made February 7, 1881, which reversed judgments in favor of plaintiffs, entered upon decisions of the court on trial without a jury.

The action in each case was brought upon a policy of fire insurance issued by the defendant to plaintiffs upon certain

personal property. Each policy, after a description of the property, contained this statement, "all contained in their frame storehouse with slate roof, situate, detached at least one hundred feet, on the east side of Lake Champlain, in the town of Shoreham, Vt." It appeared that there was at the time the policies were issued a small building about seventy-five feet distant from the storehouse, described as a frame building about ten by twelve feet, clapboarded and ceiled inside, and seven feet high, with a chimney but no stove; occupied sometimes as an office, and so called. It was not usually used for storage purposes. At the time of the fire it contained eighty-three kegs of powder, which had been temporarily stored therein. The court found substantially that such building was not an exposure and did not increase the risk, and refused to find to the contrary.

*Samuel Hand* for appellants. The claim of the defendants that the premiums were not paid, and that therefore the policies are void, is wholly untenable for the reason that each policy admits that the premium was paid, and there is not the slightest evidence to the contrary. (*McCrea* v. *Purmort*, 16 Wend. 460; *Washoe Tool Co.* v. *Hi. F. Ins. Co.*, 66 N. Y. 613; *Train* v. *Holland Purchase Co.*, 62 id. 598.) The description contained in the policies which states that the insured property was "all contained in their frame storehouse with slate roof, situate detached at least one hundred feet on the east side of Lake Champlain, in the town of Shoreham, Vt.," does not constitute a warranty. (*Owens* v. *Holland Purchase Co.*, 56 N. Y. 565; *Weed* v. *S. Ins. Co.*, 7 Lans. 452; *Vilas* v. *N. Y. C. Ins. Co.*, 72 N. Y. 590; *Baley* v. *H. F. Ins. Co.*, 80 id. 21, 23; *Hill* v. *H. Ins. Co.*, 10 Hun, 26, 30; *Watson* v. *Farmers' Building*, 9 id. 417; *Richardson* v. *Westchester, etc.*, 7 W'kly Dig. 233; *Con. Ins. Co.* v. *Kasey*, 25 Gratt. 268; *S. C.*, 18 Am. Rep. 681; *Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Nat. Bk.* v. *Ins. Co.*, 5 Otto, 673, 679; *Westfall* v. *Ins. Co.*, 2 Duer, 490; *N. Y. Belt Co.* v. *Washington Ins. Co.*, 10 Bosw. 428; *First Nat. Bk.* v. *H. F.*

*Ins. Co.*, 6 W'kly Dig. 62 ; *McMasters* v. *Prest, etc.*, 55 N. Y. 222, 232 ; *O'Neil* v. *Buf. Ins. Co.*, 3 Comst. 122 ; *Reynolds* v. *Commerce Ins. Co.*, 47 N. Y. 597 ; *Higgins* v. *Mut. L. Ins. Co.*, 74 id. 6 ; *Baley* v. *H. Ins. Co.*, 80 id. 21 ; *Ins. Co.* v. *Cormick*, 24 Ill. 455 ; *Hill* v. *H. Ins. Co.*, 10 Hun, 26, 28.) No questions have been asked by the defendants, before the insurances were effected, about the condition and situation of the storehouse, and the exposures, if any, surrounding it, the concealment, if any, must have been designed and fraudulent, in order to vitiate the policies and constitute any defense. (*Cornish* v. *Farm. Ins. Co.*, 74 N. Y. 275 ; *Browning* v. *Home Ins. Co.*, 71 id. 508, 512 ; *Gates* v. *Mad. Co. Ins. Co.*, 1 Seld. 475 ; *Cornish* v. *Farm Build.*, 10 Hun, 466 ; *People* v. *Liv., etc., Ins. Co.*, 2 N. Y. Sup. Ct. 268 ; *Williams* v. *People's Ins. Co.*, 57 N. Y. 274 ; *Appleby* v. *Astor F. Ins. Co.*, 54 id. 253 ; *Newholt* v. *Union, etc., Ins. Co.*, 52 Me. 180 ; *Haley* v. *Dorchester Ins. Co.*, 12 Gray, 545.) There was no powder on the premises within the terms of the policies. (*Heeg* v. *Licht*, 7 W'kly Dig. 378.) The premises were not habitually used for the purpose of keeping or storing powder therein, within the terms or intention of that prohibitory condition. (*Hynds* v. *S. M. Ins. Co.*, 1 Kern. 554, 561 ; *Gates* v. *Mad. Co. Ins. Co.*, 1 Seld. 469 ; *Williams* v. *People's Ins. Co.*, 57 N. Y. 274 ; *Williams* v. *Fire Ins. Co.*, 54 id. 90 ; *Dobson* v. *Sothby*, 1 M. & M. 90 ; *Underhill* v. *Agawam Ins. Co.*, 6 Cush. 440 ; *Cummins* v. *Ag. Ins. Co.*, 67 N. Y. 260.)

*James Thomson* for respondents. The policy contained a warranty. (*Wood* v. *Hartford Ins. Co.*, 13 Conn. 513 ; *Wall* v. *East River Mut. Ins. Co.*, 3 Seld. 370, 373 ; *Jennings* v. *Chenango Ins. Co.*, 2 Denio, 75 ; *Alexander* v. *Germania Ins. Co.*, 66 N. Y. 464 ; *Fowler* v. *Ætna F. Ins. Co.*, 6 Cow. 673 ; *S. C.*, 7 Wend. 270 ; *Richardson* v. *Protection Ins. Co.*, 30 Me. 273 ; *Parmalee* v. *Hoffman F. Ins. Co.*, 54 N. Y. 193.) The words " situate detached at least one hundred feet " were not a mere representation. They are a "statement or description on the face of the policy which relates to the risk."

(*Pierce* v. *Empire Ins. Co.*, 62 Barb. 644; *Burrit* v. *Saratoga Mut. F. Ins. Co.*, 5 Hill, 188.)  They are words of warranty, and relate to the risk.  (*Hill* v. *Hibernia F. Ins. Co.*, 10 Hun, 26.)  The warranty was broken.  (*Williams* v. *Firemans' F. Ins. Co.*, 54 N. Y. 577.)  The words constituting a warranty, and the warranty being broken, the policy was invalid.  (*French* v. *Chennago Ins. Co.*, 7 Hill, 122; *Jennings* v. *Chenango Ins. Co*, 2 Denio, 75, 81; *Burritt* v. *Ins. Co.*, 5 Hill, 188, 193; *Mead* v. *N. W. Ins. Co.*, 7 N. Y. 530; *Pierce* v. *Empire Ins. Co.*, 52 Barb. 644; *Wilson* v. *Herkimer Ins. Co.*, 2 Seld. 53, 57, 60; *Chaffee* v. *Cattaraugus Ins. Co.*, 18 N. Y. 377, 383; *Ripley* v. *Ætna Ins. Co.*, 30 id. 136, 163; *Le Roy* v. *Market F. Ins. Co.*, 39 id. 90, 92; *Tibbitts* v. *Hamilton Ins. Co.*, 1 Allen, 534; *Hardy* v. *Union Ins. Co.*, 4 id. 217; *Bryce* v. *Lorillard F. Ins. Co.*, 55 N. Y. 244, 247; *Smith* v. *Empire Ins. Co.*, 25 Barb. 504; *Alexander* v. *Germania Ins. Co.*, 66 N. Y. 464.)  By reason of plaintiffs' omission to make known the facts as to the storage of the gunpowder, and the concealment of them, the policies are of no effect, and no liability of defendants for loss by fire ever arose thereunder.  (3 Kent's Comm. 383; Angell on Fire and Life Ins., § 175; *Beebe* v. *Hartford Mut. Ins. Co.*, 25 Conn. 51.)

FINCH, J.  We think the statement contained in the policies issued by the defendants, describing the building which contained the personal property insured as "detached at least one hundred feet," is a warranty.  We cannot hold it to be a mere description of the building for the purpose of identifying the personal property insured contained within it.  The phrase is not adapted to any such purpose.  It adds nothing to the identity of the storehouse, already sufficiently described by its ownership and situation on the lake.  In *Wall* v. *The East River Mut. Ins. Co.* (7 N. Y. 370), the personal property insured was described as " contained in the brick building with tin roof, *occupied as a storehouse*, situated on the northerly side of and about forty-two feet distant from their ropewalk

at Bushwick." The court said that the identity of the building was distinctly ascertained by other facts of the description, and that the phrase " occupied as a storehouse " related to the risk and could not be otherwise applied. The language in the policies before us, as to the detached character of the building, applies fitly to the risk, and is entirely inappropriate as matter of description. We must hold therefore, what indeed was not denied in the dissenting opinion at General Term, or on the argument at our bar, that the phrase in question is not merely descriptive of identity, but relates to the character of the risk. Thus understood and appearing on the face of the policy it amounts to a warranty. (*Alexander* v. *Germania F. Ins. Co.*, 66 N. Y. 464; *Richards* v. *Protection Ins. Co.*, 30 Me. 273; *Parmelee* v. *Hoffman Fire Ins. Co.*, 54 N. Y. 193.) Such result is, however, disputed upon the ground that the language is that of the insurers and is vague and void for ambiguity. The argument is that to avoid a forfeiture the words used must be most strongly construed against the insurer; that the word " detached" will not be defined so as to destroy the contract; that in the sense of separate, or disengaged from, the policy does not add from what; that it may mean " detached at least one hundred feet " from " earth, sea, or sky," or from "Lake Champlain ; " and that if it means from any building, it must be construed to mean any building which constitutes an exposure and increases the risk, which was not true of the office building, since the trial judge found as a fact that it did not so increase the risk. We do not think the language is so vague or ambiguous as to make the warranty void. The fair import of the words and the intent of the parties indicated by the terms of their agreement must guide the construction. (*Higgins* v. *Phœnix Mut. Life Ins. Co.*, 74 N. Y. 26.) It cannot be doubted that both parties perfectly understood the meaning of the phrase to be that the storehouse stood by itself as a detached or separate building and apart from other buildings at least a distance of one hundred feet. The expression, although brief, is not meaningless, but to the common understanding, and especially in connection with an insurance against fire, conveys

unmistakebly the idea we have expressed, and must have been
so understood by each of the contracting parties.   If it did not
mean that, it meant nothing, and what was intended as a serious
business transaction becomes an idle play with words.   But
the further contention, that the language must be held to mean,
detached one hundred feet from any other building of such
character as to constitute an exposure and increase the risk,
seems to us a sensible and just construction.   The brevity of
the language requires that something be added to complete and
elucidate the meaning.   The phrase may mean detached one
hundred feet from any other building whatever its size or
character.   This would be a rigorous and severe interpretation,
most favorable to the insurer and operating harshly upon the
insured.   So construed it would make any thing which could
be deemed a building, however small or insignificant, as an ice-
house, or privy, or open shed, within the prescribed distance,
operate as a breach of the warranty.   If a construction so
literal or severe is intended by the insurer, he should at least
say so by apt and appropriate language, and not ask the courts
to supply it by intendment.   If it be granted that such small
and insignificant structures were not meant, and should be
treated as if they did not exist, the question would remain how
small and how insignificant must they be to be disregarded, and
how large and of what character to justify a conclusion of breach
of the warranty, and where and upon what principles is the
line to be drawn between buildings strictly such, but proper to
be disregarded, and those whose presence breaks the warranty.
These questions can be wisely answered in but one way.   The
test must be whether the building within the distance named
is or is not an exposure which increases the risk.   One which
does not can scarcely be supposed to come within the warranty,
unless such result is indicated by explicit language which will
bear no other reasonable interpretation.   No such language
is contained in these policies, and when the courts are asked to
supply a defect and complete an imperfect phrase, they should
remember that the necessity is the fault of the insurer, and con-
strue the language in view of the natural understanding of the

parties, and with justice to both.   Declining to hold the phrase in the policy to be meaningless and void, we are compelled to choose between two constructions; the one rigorous and hard and producing a forfeiture, and the other natural and reasonable and supporting the obligation.   We have heretofore decided that in such case the latter construction is to be preferred. (*Baley* v. *Homestead Fire Ins. Co.*, 80 N. Y. 21; 36 Am. Rep. 570.)   We hold, therefore, that the warranty in this case was that no other building, of such size and character as to constitute an exposure and increase the risk, stood within one hundred feet of the storehouse.

Thus construed it is apparent that the warranty was not broken.   The findings of fact, taken together, show that the only building within the prescribed distance of one hundred feet was the small office.   This was described as being ten by twelve feet on the ground and seven feet high; a frame building clapboarded and ceiled inside; having a chimney, but no stove in it; used sometimes as an office, and at the time of the fire containing a quantity of gunpowder, temporarily stored. The evidence showed, or at least tended to show, that this building, standing seventy-five feet from the subject of insurance, was not an exposure and did not affect the risk, and the trial court found that fact substantially, and refused to find the contrary.   It follows that there was no breach of the warranty and that the General Term erred in so deciding and in reversing the judgment.

We have examined the other grounds upon which the reversal is sought to be sustained, and do not think they can be deemed sufficient for that purpose, or that they require further discussion.

The orders of the General Term should be reversed, and the judgments on trials at the Circuit affirmed, with costs.

All concur, except RAPALLO, J., dissenting, and MILLER, J., not voting.

Orders reversed and judgments accordingly.