JOHN J. MACK, APPELLANT, v. THE ROCHESTER GERMAN INSURANCE COMPANY, OF ROCHESTER, NEW YORK, RESPONDENT.

*Policy of insurance — construction of a clause prohibiting repairs or alterations without consent of the company — when the question as to whether the clause has been violated should be left to the jury.*

A policy of insurance, issued by the defendant company upon a store belonging to the plaintiff, provided that "the working of carpenters, roofers, tinsmiths, gas-fitters, plumbers and other mechanics in building, altering or repairing any building or buildings covered by this policy, will cause a forfeiture of all claim under this policy, without the written consent of this company indorsed thereon." During the duration of the policy tenants in possession of the building were preparing to put fruit-drying machines therein and had placed bricks on sills to receive the furnace, and had also cut two holes, four feet by five in size, through two floors and the roof, which were to receive the fruit dryers, which consisted of wooden tubes extending from the first floor to the roof. Before any of the apparatus had been placed in the building the latter was burned by a fire which originated in an adjoining building. Upon the trial of the action the court, at the defendant's request, ordered a verdict for the defendant, upon the ground that the aforesaid condition of the policy had been violated.

*Held,* error; that the jury should have been allowed to find whether or not there had been such "working in building, altering or repairing the building," as was contemplated by the provisions in regard thereto contained in the policy.

APPEAL from a judgment in favor of the defendant, entered on a verdict directed at the Oswego Circuit.

This was an action to recover on a fire insurance policy of $1,500. On January 29, 1881, the defendant issued a policy of insurance to the plaintiff, agreeing to indemnify him against any loss by fire in the building therein described, happening within one year of the date of the policy. The building was described in the policy as follows, viz. : " The three-story brick store, with double brick walls and gravel roof, situate on the east side of West First street, No. 131, between Cayuga and Seneca streets, First ward, Oswego, N. Y." The building was totally destroyed by fire, communicated to it from adjacent buildings, on the 11th day of October, 1881.

On the 29th of September, 1881, the plaintiff executed a lease of the property to Lathrop & Rice, who then went into possession of the property under some arrangement, claimed to have been made with the plaintiff, by which they agreed to pay the taxes as rent from October 1 to May 1, 1882, at which time the term of their written lease was to commence. The building was the southerly one of two stores built together of brick, each about forty feet in width, fronting westerly on West First street and extending back to the east about 100 feet to Water street. The front of the store on West First street was three stories high and the rear half of the store two stories high. Between the first story there was no division wall, and both stores had a common entrance in the hall from the upper story. The northerly store, known as the Dunn store, had for two or three years prior to October 1, 1881, been used for drying fruit. Dryers were in the north-east corner of the building, and were in operation on October eleven. In the early days of October, Lathrop & Rice commenced operations for putting two fruit dryers in the south side of the rear part of the building insured. The furnace to be used there had not been taken from the railroad depot when the building was burned. They had placed bricks on the sills intended for the furnaces to rest upon, and had cleaned out the chimney. They had caused two holes to be cut, each four by five feet in size, through each of the two floors and the roof, about four feet apart, laying back the four-foot section of the boards of the floor between the holes. They had put together in these holes the fruit dryers already made, and it only required the use of the hammer and the screw-driver to set them up. These dryers consisted of four scantlings, one at

each corner of the hole, extending from the first floor to above the roof, the outer edges of which were grooved, into which grooves boards of proper lengths, before fitted, were slipped so as to inclose the space. The tops of the dryers were to be covered. Some work had been done in the building by carpenters in making from dressed lumber loose tables and boxes for use in the fruit dryer business. Part of the work was done by mechanics, and part by laborers employed by Lathrop & Rice in measuring apples. No fire had been used in the furnaces or on the premises when the fire took place. As before stated, the fire originated in buildings adjacent to the one insured. The policy issued to the plaintiff contained a clause as follows, viz.: " Eighth. The working of carpenters, roofers, tin-smiths, gas-fitters, plumbers and other mechanics in building, altering or repairing any building or buildings covered by this policy, will cause a forfeiture of all claims under this policy, without the written consent of this company indorsed thereon."

At the close of the evidence the defendant's counsel asked the court to direct a verdict for the defendant, " on the ground that the defense is made out." The court thereupon remarked: " The point with me is this * * * under the eighth clause in the policy in regard to altering or repairing or changing the building by carpenters." Plaintiff's counsel then requested the court to hold " that it is a question for the jury whether there was any increase in the risk, and whether there was any such working of carpenters as would invalidate the policy." The court refused to submit any question to the jury, to which the plaintiff duly excepted. The court thereupon ordered a verdict for the defendant, to which the plaintiff duly excepted. From the judgment entered on such verdict this appeal was taken.

*W. H. Kenyon*, for the appellant.

*Satterlee & Yeomans*, for the respondent.

HARDIN, P. J.:

Forfeitures are not favored. If the ruling at circuit is upheld, it sustains a forfeiture of the whole policy issued by the defendant. Was there such an alteration as to cause a forfeiture? Was there such a working of carpenters and other mechanics in building, altering or repairing the building covered by the policy as was prohibited

by the eighth clause of the conditions found in the policy? It has been held that a similar clause in a policy did not apply to ordinary or necessary repairs, because they are assumed to be consented to by implication, and it would not be reasonable to construe the provisions so as to make a contract to idemnify the building from fire, provide for its destruction by other elements. (*Franklin Ins. Co.* v. *Chicago Ice Co.*, 36 Md., 102.) It may be observed that the evidence in the case before us does not disclose an attempt to change the structure or framework of the building. From the evidence it cannot be said that the carpenters were working or had been working in the structure insured "in building," and building covered by the policy, nor can it be said that the evidence discloses a case showing that carpenters or other mechanics had been engaged in substantially "repairing and building or buildings" covered by the policy. There remains, therefore, upon the evidence a querry as to whether or not there has been "working of carpenters or other mechanics" in "altering" the building covered by the policy. Of course it is not every slight change, such as driving a nail or cutting a·stove-pipe hole in a partition, placing a screw in a cornice for the purpose of hanging a picture, which should be regarded in the letter and spirit of the stipulation under consideration. Such stipulations intended to work forfeitures must receive a reasonable construction, reference being had to the object sought to be obtained by parties in giving and receiving. Such conditions are not to be extended by implication so as to include cases not clearly or reasonably within the words as ordinarily used and understood. (*Rann et al.* v. *Home Ins. Co.*, 59 N. Y., 387.) We incline to the opinion that the evidence found in the "appeal book" fairly presented a question of fact upon which the jury should have been allowed to pass, and find whether or not there had been such an alteration in the building covered by the policy as that,which it was the intention of the parties to stipulate against in the language quoted in the eighth provision of the policy. (*Burleigh* v. *Gebhard Ins. Co.*, 90 N. Y., 220.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to abide the event.