In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossings at Grade of the Railroads Operated by LEHIGH VALLEY RAILROAD COMPANY, ERIE RAILROAD COMPANY and THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, and UNION ROAD in the Town of Cheektowaga, Erie County. (Case No. 4666.)

WESTERN NEW YORK WATER COMPANY, Petitioner, Appellant; PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and Others, Respondents.*

Fourth Department, March 13, 1940.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the appellant.

*Gay H. Brown, General Counsel* [*Sherman C. Ward* of counsel; *Martin V. Callagy* with him on the brief], for the respondent Public Service Commission.

* See, also, *Western New York Water Co.* v. *Brandt* (259 App. Div. 11).

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* and *Jack Goodman, Assistant Attorney-General,* of counsel], for the respondent Department of Public Works.

PER CURIAM. The appellant Western New York Water Company contends that the words " incidental improvements connected therewith " as used in the grade crossing amendment (State Const. art. VII, § 14), and in the enabling act (Laws of 1939, chap. 289) are intended to include the cost of the relocation of its water mains made necessary by a grade crossing elimination. Prior to the Constitutional Amendment, the common-law obligation of a utility to relocate its own structures at its own expense in connection with a grade crossing elimination program was definitely declared. (*Transit Comm.* v. *Long Island R. R. Co.,* 253 N. Y. 345.) That common-law obligation continues until the Constitution and statute expressly provide otherwise. The common law must be held no further abrogated than the clear import of the language used absolutely requires. (*Transit Comm.* v. *Long Island R. R. Co., supra; Bertles* v. *Nunan,* 92 N. Y. 152, 158.) We find no express direction in the Constitution or in the enabling act that relieves the appellant of its common-law obligation. An inspection of the minutes of the Constitutional Convention reveals nothing which in our opinion indicates any intention on the part of the delegates to transfer that cost to the public. If there is to be any change in the law as declared in *Transit Comm.* v. *Long Island R. R. Co.* (*supra*), it must, under our system of State government, come from the law-making authority and not from the courts.

All concur, except DOWLING, J., who dissents and votes for reversal and granting of an order directing the Public Service Commission to grant the relief prayed for, in an opinion. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

DOWLING, J. (dissenting). By chapter 289 of the Laws of 1939 the Legislature passed an enabling act to carry out section 14 of article VII of the Constitution as approved by the People on November 8, 1938, relating to the elimination of crossings over railroads at grade. Section 2 of this chapter provides, in substance, that where the work of eliminating a grade crossing is commenced after January 1, 1939, " the elimination shall include incidental improvements rendered necessary or desirable because of such elimination, and reasonably included in the engineering plans therefor, as shall be determined by the commission having jurisdiction." Section 3 of this chapter provides: " In all proceedings where an elimination has been directed but where the construction

work has not been commenced prior to January first, nineteen hundred thirty-nine, the commission having jurisdiction may, upon its own motion and shall upon petition by any interested party, hold a further hearing to determine the incidental improvements, if any, rendered necessary or desirable because of the elimination and reasonably included in the engineering plans therefor." Section 4 of this chapter provides in part, " The expense of every grade crossing elimination, the construction work for which is commenced after January first, nineteen hundred thirty-nine, including incidental improvements connected therewith, as determined by the commission to be necessary or desirable because of the elimination and reasonably included in the plans for such elimination * * * shall be paid in the first instance out of the State treasury to the persons and corporations entitled thereto * * *. Upon the completion and acceptance of the work of elimination the commission having jurisdiction shall hold a hearing upon due notice to all interested parties and thereupon shall determine (1) the cost of such elimination including incidental improvements connected therewith; (2) the cost of such elimination exclusive of such incidental improvements." Section 14 of article VII of the Constitution provides in part: " The expense of any grade crossing elimination the construction work for which was not commenced before January first, nineteen hundred thirty-nine, including incidental improvements connected therewith as authorized by this section, whether or not an order for such elimination shall theretofore have been made, shall be paid by the State in the first instance, but the State shall be entitled to recover from the railroad company or companies, by way of reimbursement (1) the entire amount of the railroad improvements not an essential part of elimination, and (2) the amount of the net benefit to the company or companies from the elimination exclusive of such railroad improvements, the amount of such net benefit to be adjudicated after the completion of the work in the manner to be prescribed by law, and in no event to exceed fifteen per centum of the expense of the elimination, exclusive of all incidental improvements."

Prior to 1939 the Public Service Commission ordered the elimination of a highway crossing the tracks of three railroad companies at grade in the town of Cheektowaga, Erie county, N. Y. The grade is to be eliminated by an underpass 24 feet in depth and 1,800 feet long. The appellant water company has a main in the highway under said tracks. The Commissioner of Public Works has served notice on the appellant to relocate its main by diverting it to the side of the highway for a distance of 1,800 feet and at its own expense. The appellant water company applied

to the Public Service Commission for an order declaring the relocation of its main to be an incidental improvement rendered necessary or desirable because of the grade crossing elimination and that the relocation of the water main be included in the engineering plans. The Public Service Commission denied the application and the water company has appealed.

We are called upon to determine whether or not the relocation of this water main as directed is an incidental improvement rendered necessary or desirable because of the elimination project in question.

I take it that "incidental improvements" are those which are directly and immediately appropriate to the work at hand and not some improvement that has a slight or remote relation to such work. (*Buffett* v. *Troy and Boston R. R. Co.*, 40 N. Y. 168, 176; *People ex rel. Cantwell* v. *Coler*, 61 App. Div. 598, 600; affd., 168 N. Y. 643; *Matter of Waldheimer*, 84 App. Div. 366, 368; *Matter of Monfort*, 78 id. 567, 568; *Rann* v. *Home Ins. Co.*, 59 N. Y. 387, 390.) Certainly the elimination in question cannot well be made without rearranging the water company's main. To leave the main suspended in air would be an unsightly proposition and to rearrange it would be an improvement of public benefit. The proposed rearrangement of the water main is not a relocation of the main as that term is ordinarily understood. (*People ex rel. City of Olean* v. *W. N. Y. & P. T. Co.*, 214 N. Y. 526; *People ex rel. City of New York* v. *B. L. R. Corp.*, 230 id. 86.) The lowering of the main or the rerouting of it for a distance of 1,800 feet is nothing more than a rearrangement of the main over that particular section. The rearrangement of this water main might reasonably be construed as an incidental improvement involved in the elimination project. Doubtless the State may compel a water company to rearrange its main at its own expense. (*City of New York* v. *New York Tel. Co.*, 278 N. Y. 9, 14; *W. U. Tel. Co.* v. *Syracuse El. L. & P. Co.*, 178 id. 325, 333.) I think we might reasonably construe the constitutional amendment and the enabling act passed by the Legislature to mean that in cases involving the rearranging of the line of a public utility in connection with a grade crossing elimination such rearrangement is an incidental improvement and that such rearrangement should be made without expense to the utility involved. As presently located the appellant's water main presents no hazard to travel over the crossings in question and it is not because of such main that the grade crossing elimination was ordered. Since the State has relieved the railroads by assuming practically the entire cost of grade crossing eliminations, it is not too much to assume that the Legislature intended to classify the

rearrangement of utility lines, located like appellant's water main, as an incidental improvement to be made without cost to the utility involved. If the rearrangement of appellant's water main is not directly involved in the elimination project and an incidental improvement connected therewith then it would be difficult indeed to visualize what would constitute an incidental improvement. I dissent and vote for reversal, and for the granting of an order directing the Public Service Commission to grant to the appellant the relief it seeks.

Order affirmed, without costs of this appeal to any party.