PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, June 28, 1944.

*Frank C. Bowers* of counsel (*Philip Halpern, Counsel to Public Service Commission,* attorney), for appellant.

*Andrew Bellanca* of counsel (*Francis J. Bloustein* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondent.

GLENNON, J. This is an action for a declaratory judgment. The plaintiff is the successor to the Transit Commission which was abolished pursuant to chapter 170 of the Laws of 1943. The defendant is the City of New York.

The question presented on this appeal in short is whether the City or the State is to bear the cost of removing, relocating and protecting certain transit facilities owned by the City and referred to in the pleadings.

Pursuant to the authority of chapter 677 of the Laws of 1928, as amended, and as supplemented by chapter 289 of the Laws of 1939, the Transit Commission duly determined that crossings at grade of the tracks of the Long Island Railroad Company along Atlantic Avenue were to be eliminated in accordance with a certain " Modified Enlarged Plan ". The grade crossing elimination project was ordered by the Commission by its amended final order and determination and is referred to as the Atlantic Avenue Improvement.

On June 1, 1940, pursuant to the provisions of article VII of the Public Service Law, the City of New York acquired the rapid transit facilities and properties of New York Rapid Transit Corporation, Brooklyn & Queens Transit Corporation and associated companies.

After acquisition of these properties by the defendant it became necessary, in order to carry out the work of the Atlantic Avenue Improvement, to remove, relocate, reconstruct and protect certain transit facilities owned by the City. These consisted of two duct lines, a trolley track and an elevated structure which intersected Atlantic Avenue.

The expense of grade crossing eliminations, including " incidental improvements connected therewith," are payable by the State in the first instance (N. Y. Const. art. VII, § 14). The relocation and reconstructing of utility structures are not incidental improvements reasonably included in the engineering plans so that the expense of such work may be met out of the State grade crossing bond issue funds (*Matter of Town of Cheektowaga Grade Crossings*, 259 App. Div. 141, affd. 283 N. Y. 687; *Western New York Water Co.* v. *Brandt*, 259 App. Div. 11, appeal dismissed 283 N. Y. 686).

While the rearrangement of utility structures located on the public highways is often made necessary because of grade crossing elimination it is not such a part of the elimination as to place the burden of the expense upon the State. There is nothing in the law which authorizes the State to pay such expenses out of the State grade crossing elimination bond

moneys. It is now well settled that where a privately owned utility is required to rearrange its structures in a public highway because of a grade crossing elimination, the work is to be done at its own expense (*Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345). Since the State funds provided for the grade crossing elimination may not be used to pay for the relocation of privately owned utility structures, the rule should be no different because of municipal ownership, especially where as here the rapid transit structures were operated by the defendant in its proprietary capacity (*Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81; *City of New York* v. *New York Telephone Co.*, 278 N. Y. 9; see, also, *United States* v. *California*, 297 U. S. 175).

Since we are inclined to the view that the structures to be rearranged were owned by the defendant in its proprietary capacity we do not consider what effect, if any, ownership and operation of the rapid transit facilities in a governmental capacity would have on the question presented.

The defense interposed by the defendant to the effect that certain of the structures which were to be relocated had been erected in a location fixed and approved by the Public Service Commission is not sufficient to cast the burden of the expense of relocating the facilities upon the plaintiff.

The order and the judgment appealed from should therefore be reversed, with costs, and plaintiff's motion for judgment in its favor granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order and judgment unanimously reversed, with costs, and plaintiff's motion for judgment in its favor granted.