HERMAN ROSKIND et al., Appellants, v. THOMAS BROWN, Defendant; JACK D. GLAZER, Respondent.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, dated June 2, 1965, as, in granting their motion for substitution of attorneys, fixed respondent's fee as outgoing attorney at 15% of plaintiffs' eventual recovery, directed that his lien attach to such recovery and provided for payment of the lien. Order reversed insofar as appealed from, on the law, without costs, and matter remitted to the Special Term for a hearing before a Referee and a determination *de novo* in accordance herewith. No questions of fact have been considered on this appeal. Respondent was

retained, on a percentage basis, to represent plaintiffs in the prosecution of their claims for personal injuries sustained in an automobile collision attributed to the negligence of another. Respondent retained of counsel Lederberg and Blumberg. Plaintiffs discharged respondent and of counsel, claiming, *inter alia*, neglect and inadequacy in the prosecution of their claims. This action, wherein respondent's of counsel Blumberg appeared as attorney of record, was allegedly commenced subsequent to the discharge. An offer of settlement obtained by of counsel Lederberg was also claimed to have been obtained subsequent to the discharge and also unacceptable because of inadequacy. The insurance carrier, notified of the substitution of attorneys and of the outgoing attorney's lack of authority, did not answer the complaint prepared by Blumberg and served (with summons) by Lederberg; and an action *de novo* was allegedly commenced by plaintiffs' new attorney on their behalf. Respondent has complied with the directive in the order under review that he turn over all papers to the substituting attorney. Plaintiffs contend that, because this action was commenced subsequent to the discharge and was unauthorized, and because respondent was not the attorney of record herein, respondent was not entitled to a charging lien under section 475 of the Judiciary Law. They also contend that he was not entitled to any fee, even on a *quantum meruit* basis, because he was discharged for adequate cause. In our opinion, at bar there was no cause of action with respondent as attorney of record to which a charging lien could attach (Judiciary Law, § 475; *Johnson* v. *Jahr*, 1 A D 2d 579; *Matter of Albrecht*, 225 App. Div. 423; *Weinstein* v. *Seidmann*, 173 App. Div. 219). We are nevertheless of the opinion that (1) the facts disclosed by the record do not show just cause for respondent's discharge; (2) respondent had a common-law retaining lien for such of his and his associates' services on a *quantum meruit* basis and for such of their disbursements which were rendered and incurred during the period from the date of retainer to the effective date of the discharge (*Taraborrelli* v. *Vinciguerra*, 25 A D 2d 544; *Lebovic* v. *Ballantine & Sons*, 12 A D 2d 494; *Matter of Lerner* v. *Siegel*, 22 A D 2d 816; *Turner* v. *Steve Brody, Inc.*, 24 A D 2d 904; *Matter of Driscoll*, 131 Misc. 613); and (3) while the terms of the retainer agreement, now at an end, may be taken into consideration in fixing the value of the professional services, a percentage allowance at this posture of the case does not fall within the description of *quantum meruit* (*Martucci* v. *Brooklyn Children's Aid Soc.*, 284 N. Y. 408). However, since there is a sharp dispute as to the effective date of respondent's discharge, which cannot be resolved on the conflicting affidavits submitted, we are of the opinion that a hearing on that issue is indicated, at which all relevant proof on such issue and on the services rendered and disbursements incurred by respondent and his associates (Lederberg and Blumberg), during the period from the date he was retained to the effective date of his discharge, may be presented and evaluated. Any determination made thereon, fixing his fee and disbursements, shall be deemed also dispositive of the rights of his associates, who were retained by him as of counsel and to whom he, in our opinion, is solely responsible. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.