■ JAMES A. GELLER, Respondent, v ALFRED S. JULIEN et al., Defendants, and ELLIAS C. HOPPENFELD, Appellant.—Order, Supreme Court, New York County, entered July 9, 1975, unanimously affirmed, with $60 costs and disbursements to respondent. When defendant-appellant, an attorney, was originally retained by one Cook in 1962 to prosecute an action in behalf of the latter's infant child against the City of New York, he employed plaintiff-respondent to assist him. When defendant was later ousted by the client and signed a stipulation substituting attorney Schreiber for himself, he retained no lien. He now claims that, by agreement between his successor, and trial counsel Julien and himself, he is entitled to sole possession of one third of the fee allowed in the settlement by the Trial Justice in the infant's case. Plaintiff's complaint is leveled against defendant for compensation for the services rendered to defendant in the infant's case. Special Term, in the circumstances, exercised discretion (CPLR 6301) properly, we hold, by constituting the infant's trial counsel, Julien, a stakeholder of one third the fee to avoid dissipation thereof pending adjudication of plaintiff's

claim against defendant. (See 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.13.) Further, by the same order, defendant's cross motion to dismiss the complaint, completely undifferentiated as to grounds under CPLR 3211, was properly denied. An appropriate claim is properly stated in *quantum meruit,* defendant having been discharged by the client *(Matter of Krooks [Conrad],* 257 NY 329; *Roskind v Brown,* 29 AD2d 549), and completely uncomplicated by considerations of defendant's alleged lien. Nor has the claim been barred by the Statute of Limitations for it did not arise until the trial court in the infant's case fixed the fee, at a time well within the period of limitation. Defendant also alleges release of the claim against him, but it is patent, as the release itself clearly indicates, that the payment covered thereby was made for services rendered in another matter having nothing to do with the infant's case. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.