OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order and the judgment of Supreme Court, New York County, reinstated. The question certified should be answered in the negative.
We agree with the dissenter in the Appellate Division that the guarantee agreement signed by defendant Kestenbaum was so broad as to encompass the subsequent letter agreement between plaintiff and Nu-Ka-Pool Apparel, Inc., and that the subsequent execution of that agreement did not release him from his personal guarantee. Defendant’s conclusory allegation that the corporate officer who entered into the agreement on behalf of Nu-Ka-Pool was without authority to do so is insufficient to raise a question of fact *801 on this issue. Indeed, none of defendant’s contentions on this appeal are supported by evidentiary facts sufficient to defeat a motion for summary judgment.* Thus, in our view, Special Term properly granted summary judgment to plaintiff, and properly denied defendant’s motion to serve an amended answer.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Waghtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.

 We note that the affirmation of defendant Kestenbaum, upon which he heavily relies, is not in an authorized form. Only an attorney, physician, osteopath or dentist authorized to practice within this State can serve and file an affirmation bearing his signature alone in lieu of and with the same force and effect as an affidavit. (CPLR 2106.) Moreover, even those persons who are statutorily allowed to use such affirmations cannot do so when they are a party to an action. (See Schutzer v Suss-Kolyer, 57 AD2d 613.) It is also true, of course, that any person who, for religious or other reasons, wishes to use an affirmation as an alternative to a sworn statement may do so. However, to be effective such an affirmation must be made before a notary public or other authorized official. (CPLR 2309.) Otherwise, the affirmation would be of no probative value because the affirmant would not be answerable for the crime of perjury should he make a false statement. (Penal Law, § 210.00, subd 1.)