(July 11, 1988)

■ BOARD OF MANAGERS OF HERITAGE HILLS OF WESTCHESTER CONDOMINIUM 8, on Behalf of the UNIT OWNERS OF HERITAGE HILLS OF WESTCHESTER CONDOMINIUM 8, Respondent, v ROBERT G. FENNINGER et al., Appellants.—In an action, *inter alia,* to compel the defendants to remove certain improvements made to the garage of their condominium unit, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Burchell,

J.H.O.), entered September 28, 1987, as directed them to remove the improvements.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendants purchased their condominium unit on June 10, 1984. They began making improvements to the garage prior to moving in. The unit garages are common elements which are owned by the condominium and used by the owner. At a social gathering the defendants learned that approval from the Board of Managers of the condominium (hereinafter the Board) was required prior to making alterations. Thereafter, they submitted a variance request seeking to relocate their hot water heater, washing machine and dryer, and to construct a storage area. They also provided the Board with architectural plans for the proposed construction. By letter dated October 3, 1984, the Board consented to the relocation of the aforesaid appliances and construction within the limited common area.

The Board subsequently learned that the defendants had cut a hole in the garage wall for a window. In January 1985 a special committee of the Board inspected the defendants' garage and learned that they had installed an overhead heater, new interior wall, freezer, cabinets, t.v. jack, baseboard heater, sink and phone jack. The Board requested that these alterations be removed. The defendants refused and the instant action was commenced.

The defendants allege, in essence, that since the Board had a copy of their construction plans, detailing all the changes they proposed to make, their consent necessarily included those changes. However, the Board's letter of October 3, 1984, contradicts the contentions of the defendants. The letter states in pertinent part:

"The Board of Managers concluded that a variance authorizing the relocation of the washer and dryer, as well as the hot water heater, and construction of a storage area within the limited common area would be approved, providing you addressed a letter to the Board which would accept the following conditions:

"1) The limited common element area will not be used for any purpose other than originally intended; namely, storage and garage.

"2) The limited common element area would not be used for living quarters.

"3) That lavatory facilities will not be constructed in the limited common element.

"4) That construction permits be obtained from the Town and that Town Building Codes be complied with.

"5) That the conditions of this variance are to be observed by you, and you accept the responsibility for notifying any subsequent owner of Unit 243B of the conditions under which this variance was granted".

"Upon receipt of this letter, the variance will be granted. This must be submitted to the Town of Somers, Building Department, for the appropriate action".

The fact that the Board had a copy of the architectural plans is of minimal significance. Since the defendants chose to frame their variance in terms of relocating their appliances, the Board cannot be presumed to have scrutinized the plans for other potentially unauthorized changes.

The minutes of the special meeting do not suggest that the Board approved of the changes made by the defendants. The minutes refer to the relocation of the washer/dryer and hot water heater. Furthermore, the defendants specifically acquiesced in the Board's limited acceptance of their request for a variance.

Accordingly, we conclude that the judicial Hearing Officer's decision ordering the removal of the aforesaid alterations was supported by credible evidence (see, Collier v Lukes, 36 AD2d 662). Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.