■ BOARD OF MANAGERS OF THE OCEAN TERRACE TOWNE HOUSE CONDOMINIUM, Respondent, v STANLEY LENT et al., Appellants.—In an action seeking, inter alia, injunctive relief for a violation of condominium bylaws, the defendants appeal from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 28, 1988, as granted the plaintiff's motion for summary judgment enjoining the defendants from continuing to maintain an air-conditioner through the exterior wall of their condominium unit.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a board of managers of a condominium complex located in Far Rockaway, instituted the instant action seeking to enjoin the defendants, owners of a condominium unit in the complex, from maintaining an air-conditioner through the exterior brick wall of their unit. The plaintiff asserted that the defendants' installation of the air-conditioner was in violation of the condominium's bylaws which prohibit the condominium owners from obstructing or defacing the buildings' exterior walls. Despite the plaintiff's demands for the removal of the air-conditioner, the defendants

refused to comply. Following joinder of issue, the Supreme Court, upon plaintiff's motion, granted summary judgment in favor of the plaintiff and enjoined the defendants from maintaining the air-conditioner. We affirm.

At the outset, we note that plaintiff's motion for summary judgment was supported solely by an attorney's affirmation which was improper since the attorney was also a member of the board of managers which is a party to the action (see, CPLR 2106; *Slavenburg Corp. v Opus Apparel*, 53 NY2d 799). However, under the circumstances of this case, this defect was merely a technical procedural irregularity which did not prejudice the defendant and thus may be disregarded and the case decided on the merits (see, CPLR 2001; *Matter of WNYT-TV v Moynihan*, 97 AD2d 555; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.*, 97 AD2d 700; *Standard Fruit & S. S. Co. v Russo*, 67 AD2d 970).

Turning to the merits of the underlying action, we conclude that the plaintiff was entitled to the requested relief since, by statute, a board of managers of a condominium is statutorily empowered to enforce its bylaws, rules and regulations (see, Real Property Law §§ 339-dd, 339-j; *see also, Board of Managers v Fenninger*, 142 AD2d 622). Contrary to the defendants' claims, there is no evidence in the record to support the conclusion that the plaintiff was acting in bad faith by enforcing the bylaws or that the plaintiff had regularly waived this particular bylaw as it applied to other unit owners.

We have reviewed the defendants' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.