■ JOHN STEVENS, on Behalf of Himself and All Others Similarly Situated, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about June 29, 1988, which granted the State defendant-respondent's motion for summary judgment, denied plaintiff's motion for summary judgment and class certification, upheld the defendant-respondent's interpretation of Social Services Law § 131-s, and dismissed the complaint, is unanimously affirmed, without costs.

The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438). Further, the standard of review of a social welfare statutory classification under both the United States and New York State Constitutions is that the classification must be rationally related to the achievement of a legitimate State purpose and free from invidious discrimination *(Dandridge v Williams,* 397 US 471, 487).

Plaintiff here has failed to show that the Commissioner's interpretation of Social Services Law § 131-s is unreasonable or irrational or that the classification made between cash grant recipients and medical assistance authorization only recipients is not rationally related to a legitimate governmental interest of the State. The distinction between cash public assistance recipients and medical assistance authorization only recipients is clearly rationally related to a legitimate State interest. In that regard, while respondent is able to monitor a cash public assistance recipient's spending of his grant and to recoup money granted, a medical assistance authorization only recipient (a recipient of a noncash benefit) cannot be similarly monitored. Concur—Ross, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.