OPINION OF THE COURT
Peter R. Sprague, J.
ISSUES
Pursuant to CPLR 3212, the defendants have moved for an order granting summary judgment dismissing the complaint.
Pursuant to CPLR 2215 and 3212 (e), the plaintiff has cross-moved for partial summary judgment. The plaintiff asks the *1035 court to declare that the "other than existing pool” regulation contained in 6 NYCRR 556.5 (b) "does not apply to existing pools”. The plaintiff further asks the court to declare that "the New York State Department of Environmental Conservation lacks power to enforce 'other than existing pool’ regulations with regard to existing pools”.
Finally, the plaintiff further asks the court to conduct a hearing on what the plaintiff characterizes as "the sole remaining issue [namely], whether the Duke and Krampf leases operated by the plaintiff are within existing pools”.
PROCEDURAL DEADUNE MATTER
A threshold issue to be addressed is whether the plaintiff’s failure to adhere to the consensually established April 10, 1990 deadline for the submission of any motions, supporting affidavits and memoranda is procedurally fatal to the instant cross motion.
In administering motion practice, this court consistently strives to respect what the Court of Appeals has prescribed as "conservation of the resources of the court and the litigants” (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153). This court has also sought to maximize the procedural benefits of the "available flexible” individual assignment system with its inherent objective of "efficient movement of cases to a conclusion” (Gintell v Coleman, 136 AD2d 515 [1st Dept 1988]).
Out of fairness to litigants and their counsel, this court traditionally solicits input from the counselors before setting deadline dates and procedural timetables, to ensure that the dates ultimately set are not only realistic and reasonable, but also "voluntary”. Such was the court’s intention in the instant case.
Simply stated, the plaintiff did not adhere to the timetable specifically set, on consent, and did not offer a persuasive excuse for its tardiness. At the risk of sounding pedantic, the court reminds plaintiff’s counsel of the litigational axiom articulated by the United States Supreme Court: "All persons involved in the judicial process — judges, litigants, witnesses and court officers — owe a duty of courtesy to all other participants” (see, In re Snyder, 472 US 634, 647 [1985]).
Nevertheless, as much as the court disapproves of the unilateral disregarding of expressly designated deadline dates, the court also continues to respect the established policy that *1036 disputes should be resolved on their merits, rather than on procedural technicality (see, e.g., Thompson v Contractor’s Supply Corp., 138 AD2d 694 [2d Dept 1988]). Practice rules are to be "liberal[ly] interpreted]” in New York (Matter of Common Council v Town Bd., 144 AD2d 90, 92 [3d Dept 1989], citing CPLR 104, 2001). "[Technical procedural irregularities] which [do] not prejudice the [opposing party] * * * may be disregarded” (Board of Managers v Lent, 148 AD2d 408, 409 [2d Dept 1989]).
Balancing the need to move cases along expeditiously against the policy of resolving lawsuits on their merits, the court concludes, in the instant case, that the latter consideration should prevail. Therefore, the court will entertain the untimely cross motion of the plaintiff, albeit reluctantly.
ANALYSIS
The Department of Environmental Conservation (DEC) asks the court to dismiss the complaint. It contends that the regulations upon which the plaintiff relies "are without force and effect”. DEC contends that the regulational dichotomy between "exiting pools” and "other pools” for purposes of brine disposal practices no longer applies, and that the plaintiff cannot avail itself of "grandfathered” exemption.
On the motion for summary judgment the court "should draw all reasonable inferences in favor of the nonmoving party” (Assaf v Ropog Cab Corp., 153 AD2d 520, 521 [1st Dept 1989]). " '[A]ffidavits should be scrutinized carefully in the light most favorable to the party opposing the motion’ ” (Robinson v Strong Mem. Hosp., 98 AD2d 976 [4th Dept 1983]). Summary judgment is a "drastic remedy” (Andre v Pomeroy, 35 NY2d 361, 364). "Where the court entertains any doubt as to whether there exists a material and triable issue of fact, summary judgment will be denied” (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12).
A parallel consideration is that a statute or regulation "prescribing a civil penalty for the doing of a prohibited act or the failure to do a required act is a penal statute which is to be strictly construed in favor of the party against whom the action for the enforcement of the statutory [or regulational] obligation is brought” (60 NY Jur 2d, Forfeitures and Penalties, § 89, at 318-319).
Another pertinent consideration of statutory and regulational construction is that "[r]epeals of earlier statutes [or *1037 regulations] by implication are not favored and [that] a statute [or regulation] is not deemed repealed by a later one unless the two are in such conflict that both cannot be given effect” (McKinney’s Cons Law of NY, Book 1, Statutes § 391).
Fairness and due process dictate that if a governmental entity seeks to prohibit a certain course of conduct it must reasonably and unequivocally apprise the actor, in advance, of what conduct is permissible and what conduct is impermissible. Ambiguous or duplicitous rules defy judicial enforcement.
There is a countervailing consideration, however. That consideration, well recognized by the appellate courts, is that "[t]he construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld” (Matter of Howard v Wyman, 28 NY2d 434, 438, cited in Stevens v Perales, 155 AD2d 329, 330 [1st Dept 1989]).
On the one hand, the court is faced with a regulation which explicitly exempts "existing pools” from its requirements. On the other hand, the court is faced with a State agency— entitled to deference in the construction of its own regulations —which vigorously contends that the regulational differentiation between "existing” pools and "other” pools has been eradicated. How is the court to reconcile these opposing positions?
The answer lies in the observation that the position articulated by the agency, that is, essentially that a regulation concededly still "on the books” is now obsolete and void, is "unreasonable” (see, Matter of Howard v Wyman, supra). If the agency intends that the regulational distinction no longer applies, why has it not revoked, or expressly overruled, the distinction? The court is also constrained to ask, could a new well operator argue that since the distinction between "existing” and "other” wells has been eliminated, his wells are entitled to be governed by the "existing well” regulations?
The court is aware that the DEC could very well make this type of situation moot by simply repealing the "existing” well regulations.
Having determined that the position of the DEC in the present case is untenable, the court concludes that the plaintiff is entitled to partial summary judgment, declaring that the brine disposal requirements contained in the regulations do not apply if the particular pools fall within the category of "existing pools”. Accordingly, since the law of the case has *1038 been established and is a final determination on the law the sole remaining issue to be determined is whether the Duke or Krampf leases operated by plaintiff Allegro are within "existing pools”. Perhaps this remaining issue may be resolved by stipulated facts, or at least by "submitted” facts, pursuant to CPLR 3222.
The motion of the defendants for summary judgment is denied, without costs.
The cross motion of the plaintiff for partial summary judgment is granted, without costs. In summary, the court is ruling that the regulational distinction between "existing pools” and "other pools” continues in force and effect, and that leases falling within the existing pool category are not governed by the "new” regulations pertaining to other pools.