■ PAUL A. PISACRETA, Appellant, v JOSEPH A. MINNITI et al., Respondents. [697 NYS2d 160] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered December 1, 1998, which denied his motion for leave to enter a judgment against the defendants upon their failure to answer or appear in the action.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is granted.

To successfully oppose a motion for leave to enter a judgment based upon the failure to serve an answer or appear in an action, the defendants must demonstrate a reasonable excuse for the default and a meritorious defense (*see, Gurreri v Village of Briarcliff Manor,* 249 AD2d 508).

In opposing the plaintiff's motion, the defendants, an attorney and his professional corporation, submitted an affirmation of the individual defendant instead of an affidavit, in an effort to demonstrate a reasonable excuse for the delay and a meritorious defense. Because the individual defendant is a party to the action, his submission of an affirmation instead of an affidavit was improper, and its contents should have been disregarded by the Supreme Court, thereby rendering the opposing papers insufficient to defeat the plaintiff's motion (*see,*

CPLR 2106; *Slavenburg Corp. v Opus Apparel,* 53 NY2d 799; *Lauer v Rapp,* 190 AD2d 778). In any event, the defendants failed to demonstrate that they had a reasonable excuse for the delay in answering or appearing in the action (*see, Palermo v Rodriquez,* 255 AD2d 567).

Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.