■ SESKIN & SASSONE, P.C., et al., Respondents, v LIBERTY INTERNATIONAL UNDERWRITERS, Also Known as LIBERTY INSURANCE UNDERWRITERS, INC., Appellant. [761 NYS2d 679] —In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Hemmat v Sassone,* pending in District Court in Denver, Colorado, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated September 18, 2002, which granted the plaintiffs' motion, in effect, to compel the defendant to provide a defense in the underlying action pending the resolution of this action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs, a law firm and two of its partners, commenced this action against the defendant, their professional liability insurer, seeking, inter alia, a declaration that the defendant is obligated to defend and indemnify them in an underlying action entitled *Hemmat v Sassone,* pending in the State of

Colorado. The Supreme Court granted the plaintiffs' motion, in effect, to compel the defendant to provide a defense in the underlying action pending the resolution of this action. We reverse.

The subject insurance policy provides coverage for claims arising out of the performance of professional legal services, such as legal activities and services performed for others as, inter alia, a lawyer, an arbitrator, or a mediator. Expressly excluded from coverage is "any claim arising out of your services and/or capacity as an officer, director, partner, trustee, manager, operator, or employee of any organization other than the named insured." Here, the gravamen of the complaint in the underlying action is that one of the plaintiffs herein, Thomas Sassone, engaged in a fraudulent scheme concerning a retail development project in Nevada while acting in his capacity as the president of Retrac Medical, Inc., a Delaware corporation which manufactures medical equipment. Damages are sought for fraud, negligent representation, and deceptive trade practices. It is not alleged that Sassone or any other plaintiff herein performed legal activities or services for the plaintiff in the underlying action, or that the performance of such activities or services otherwise gave rise to a cause of action for which coverage would be provided under the subject policy. Rather, the allegations fall wholly within the policy exclusion (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]). Accordingly, the plaintiffs failed to demonstrate a likelihood of success on the merits in this declaratory judgment action (*see id.; Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61 [1991]). Thus, the grant of a preliminary injunction was an improvident exercise of discretion (*see Doe v Axelrod*, 73 NY2d 748 [1988]).

In light of our determination, the defendant's argument that the plaintiffs' submissions violated CPLR 2106 need not be reached (*cf. Board of Mgrs. of Ocean Terrace Towne House Condominium v Lent*, 148 AD2d 408 [1989]). The defendant's request that the plaintiff be directed to reimburse it for funds expended in defense of the underlying action is not properly before this Court on this appeal. However, our determination is without prejudice to the defendant seeking any appropriate remedy in the Supreme Court. Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.