■ SAMUEL & WEININGER, Appellant, v BELOVIN & FRANZBLAU et al., Respondents, et al., Defendant. [772 NYS2d 600]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 24, 2003, which denied its motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

"A party seeking to restore a case to the trial calendar more than one year after it has been marked off, and after it has been dismissed pursuant to CPLR 3404, must establish a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendants" (*Kalyuskin v Rudisel,* 306 AD2d 246, 247 [2003]; *see Braun v Safdie,* 2 AD3d 473 [2003]; *Basetti v Nour,* 287 AD2d 126, 131 [2001]). The plaintiff submitted an attorney's affirmation in an effort to demonstrate a meritorious cause of action and a reasonable excuse for the delay. Because the attorney is also an associate of the plaintiff law firm which is a party to the action, the submission of an affirmation instead of an affidavit was improper (*see* CPLR 2106; *Slavenburg Corp. v Opus Apparel,* 53 NY2d 799, 801 [1981]; *Pisacreta v Minniti,* 265 AD2d 540 [1999]; *Board of Mgrs. of Ocean Terrace Towne House Condominium v Lent,* 148 AD2d 408, 409 [1989]). In any event, the plaintiff failed to demonstrate that it had a meritorious cause of action (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458 [1989]; *Ocasio v Schwertz,* 284 AD2d 443 [2001]) or a reasonable excuse for the delay (*see Prado v Catholic Med. Ctr. of Brooklyn & Queens,* 237 AD2d 341 [1997]) Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.