■ ILIAS LELEKAKIS, Appellant, v STANLEY KAMAMIS et al., Defendants. ACKERMAN, LEVINE, CULLEN & BRICKMAN, LLP, Nonparty Respondent. [778 NYS2d 904]—

In an action, inter alia, to compel specific performance of an option to purchase certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated July 17, 2002, which, in effect, denied his motion to compel his former attorney, Ackerman, Levine, Cullen & Brickman, LLP, now known as Ackerman, Levine, Cullen, Brickman & Limmer, LLP, to relinquish its file with respect to this litigation to the plaintiff's new counsel, and directed that the file should be relinquished to his new attorney only upon payment of fees and disbursements due to his former attorney.

Ordered that the order is affirmed, with costs.

Under New York law, a client may discharge an attorney at any time, with or without cause (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457 [1989]; *Matter of Montgomery*, 272 NY 323, 326 [1936]). However, "[a]n attorney who is discharged without cause possesses a common-law retaining lien on the client's file in his or her possession, which secures the attorney's right to the reasonable value of the services performed" (*see Eighteen Assoc. v Nanjim Leasing Corp.*, 297 AD2d 358, 359 [2002]). Contrary to the plaintiff's contention, he had no cause to discharge his former attorney. Therefore, the Supreme Court properly, in effect, denied his motion to compel the former attorney to relinquish its files with respect to this litigation, and directed that the file should be relinquished to the plaintiff's new attorney only upon payment of fees and disbursements due to the former attorney.

The plaintiff's remaining contention is without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.