OPINION OF THE COURT
Bernard J. Fried, J.
In this insurance coverage dispute, plaintiff insurer American Guarantee and Liability Insurance Company seeks a declaration that it is not obligated to provide coverage to defendant attorney Avraham Moskowitz, or the law firm in which Moskowitz is a member, defendant Moskowitz & Book, LLP (M & B), under a lawyers professional liability insurance policy issued by American Guarantee to M & B, with respect to an action pending in the United States District Court for the Southern District of New York, entitled Conopco, Inc., Doing Business as Unilever v Dina Wein, Sheryl Raport, Avraham Moskowitz, Axis Holdings, Inc., Great Grades Mktg., Inc. & Advanced Mktg. Concepts, Inc. (05-CV-9899 [Conopeo action]).
American Guarantee moves for an order granting summary judgment, pursuant to CPLR 3212, declaring that: (a) it has no duty to defend or indemnify Moskowitz in the Conopeo action; and (b) it is entitled to reimbursement and an award of damages in the amount of defense costs it paid on behalf of Moskowitz in the Conopeo action.
Defendants cross-move for an order, granting partial summary judgment, declaring that: (a) on their first counterclaim, American Guarantee owed a duty to defend Moskowitz against the first amended complaint (Conopeo complaint) in the Conopeo action, and to pay all reasonable “claim expenses” arising therefrom; and (b) on their third counterclaim, defendants are entitled to recover from American Guarantee any sums they have paid to their attorneys in connection with the instant insurance coverage action, and directing that an inquest be held to determine the amounts defendants are entitled to recover.
Defendants, as part of the cross motion, also sought a stay of this action, pursuant to CPLR 2201, until the Conopeo action is finally adjudicated. However, after this motion was submitted, the Conopeo action was settled as against Moskowitz. Counsel forwarded a copy of a stipulation of voluntary dismissal with prejudice to the court, and represented that Moskowitz neither paid nor received any money in connection with the dismissal. Consequently, that part of defendants’ cross motion seeking a *550 stay of this action pending resolution of the Conopeo action is moot. That portion of American Guarantee’s motion seeking a declaration that it has no duty to indemnify defendants in connection with the Conopeo action is likewise moot.
The issue remaining is whether American Guarantee, on the one hand, or defendants, on the other hand, are responsible for: (a) Moskowitz’ legal fees in the Conopeo action; and (b) defendants’ legal fees herein.
American Guarantee issued a lawyers professional liability insurance policy, number LPL 5386941-3, to M & B, covering the period from June 1, 2006 to June 1, 2007. It is not disputed that Moskowitz, a member of M & B, is an “insured” under the policy.
Section I (A) of the policy (entitled “Coverage”) provides that American Guarantee will
“pay on behalf of an Insured ... all amounts in excess of the deductible shown in the Declaration that an Insured becomes legally obligated to pay as Damages and Claim Expenses because of a Claim . . . based on an act or omission in the Insured’s rendering or failing to render Legal Services for others.”
Section I (B) of the policy (entitled “Defense and Investigation”) provides that American Guarantee
“shall have the right and duty to defend any Claim based on an act or omission in the Insured’s rendering or failing to render Legal Services for others . . . even if the allegations of the Claim are groundless, false or fraudulent. [American Guarantee] shall have the right to select defense counsel for the investigation, defense or settlement of the Claim and [American Guarantee] shall pay all reasonable Claim Expenses arising from the Claim.”
The term “Legal Services” is defined in the definition section of the policy, section VI, as
“those services performed by an Insured as a licensed lawyer in good standing, arbitrator, mediator, title agent, notary public, administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity but only when the act or omission was in the rendition of services ordinarily performed as a lawyer.”
In addition, exclusion D of the policy excludes coverage for claims that are based upon, or arise out of, in whole or in part, *551 the insured’s capacity or status as an officer, director, partner, manager or employee of a business enterprise.
Dina Wein was a legal client of Moskowitz for many years. According to Moskowitz, and not disputed by American Guarantee: (a) over the years, Moskowitz represented Wein and various entities she controlled in a number of actions that were similar to the Conopeo action; (b) Wein and her companies compensated defendants on the basis of hourly rates, plus expenses; and (c) Moskowitz was never a director, officer or shareholder of any corporate defendant in the Conopeo action.
When the Conopeo action was commenced, Wein retained defendants to represent her interests. M & B appeared, and engaged in discovery and motion practice in the Conopeo action on its clients’ behalf. When, however, the first amended complaint, i.e., the Conopeo complaint, which named Moskowitz as a defendant, was interposed, M & B withdrew as counsel for Wein and her companies in the Conopeo action. The Conopeo complaint, at paragraph 7, alleges that Moskowitz is an attorney, and that he represented Wein and her companies from 1995 to date. Paragraph 55 alleges that “[a]t all relevant times, defendant Moskowitz not only served as de facto in-house counsel to defendants but also was instrumental in actively effectuating the operations of [a racketeering enterprise].” Four of the six counts set forth in the Conopeo complaint are asserted against all named defendants, and, hence, include Moskowitz. Count I alleges fraud, and seeks damages including punitive damages. Counts II and III allege violations of the federal RICO statute (18 USC § 1962 [c], [d]; § 1964 [c]), and seek treble damages. Count VI alleges unjust enrichment. Thus, the Conopeo complaint charges Moskowitz, attorney for Wein and her entities, with engaging in fraud and racketeering activity together with, or on behalf of, his clients.
In June 2006, defendants notified American Guarantee that Moskowitz was named as a defendant in the Conopeo action, and requested that American Guarantee assume Moskowitz’ defense therein in accordance with the terms of the policy. American Guarantee issued a reservation of rights letter, dated June 26, 2006, listing the provisions and the reasons why it believed that the policy was not implicated, to wit, that: (a) coverage under the policy only extends to the provision of legal services, and the Conopeo complaint alleges, not the provision of legal services by Moskowitz, but rather participation by him in a scheme to defraud; (b) by its express terms, the policy does *552 not cover any “intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured”;* and (c) “damages” as defined in the policy do not include “personal profit or advantage to which the Insured was not legally entitled,” “punitive, exemplary or multiple damages,” “matters deemed uninsurable,” and/or “any form of equitable or nonmonetary relief.” The reservation of rights letter stated that American Guarantee would provide a defense to Moskowitz in the Conopeo action, while simultaneously reserving to itself “the right to deny defense and/or indemnity coverage, the right to withdraw from providing for the insured’s defense, and the right to seek or obtain reimbursement from the insured of any defense costs or indemnity paid [by the insurer].”
American Guarantee commenced this action on January 5, 2007 seeking a judgment declaring, inter alia, that it has no duty to defend or indemnify Moskowitz in the Conopeo action, and also seeking reimbursement of all costs it paid to defend Moskowitz in the Conopeo action. As mentioned above, the Conopeo action was discontinued as against Moskowitz, leaving only the issue of American Guarantee’s right to reimbursement of defense costs therein, and defendants’ demand for reimbursement of their legal fees herein.
In support of the motion, American Guarantee argues that defendants are not entitled to defense or indemnity coverage for the Conopeo action because the claims asserted against Moskowitz therein: (a) are not based on an act or omission by him in rendering or failing to render professional legal services for others; (b) are based upon, or arise out of, in whole or in part, Moskowitz’ capacity or status as an officer, director, partner, manager or employee of a business enterprise; and/or (c) do not seek covered damages from Moskowitz. American Guarantee further submits that, since it owed no duty to defend Moskowitz in the Conopeo action, it is entitled to reimbursement of the defense costs it paid on Moskowitz’ behalf.
Defendants disagree on all counts. They point out that the Conopeo complaint expressly states that Moskowitz provided legal services to others. They submit that a fair reading of the allegations of the Conopeo complaint confirms that the claims asserted against Moskowitz therein are based on purported acts or omissions in his rendering or failing to render legal services, *553 and, that, as such, his defense in the Conopeo action was covered under the policy. Defendants also maintain that the allegation in the Conopeo complaint that Moskowitz served as a “de facto” officer of a defendant corporation in the Conopeo action, without more, is insufficient to trigger the “no officer” exclusion in the policy. Defendants further submit that American Guarantee’s claim that the damages sought in the Conopeo action are not covered because they constitute some uninsurable “ill-gotten” gain, as opposed to covered damages, is conclusory and without support. In light of the foregoing, defendants contend that, not only is American Guarantee not entitled to reimbursement, but defendants are affirmatively entitled to reimbursement of their costs herein, including their attorneys’ fees.
Although the question of whether American Guarantee is obligated to defend Moskowitz in the Conopeo action is moot, consideration of that issue is nevertheless germane to resolution of the remaining issues.
It is well settled that an insurer’s obligation to defend is determined by a review of the allegations of the complaint against the insured without regard to the merits of the claims, and that an insurer’s duty to furnish a defense is broader than its obligation to indemnify (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310-311 [1984]). Thus:
“The duty to defend insureds — long recognized as broader than that to indemnify — is derived from the allegations of the complaint and the terms of the policy. If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend (Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 669-670).” (Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]; see also A. Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298, 302 [1989] [“(i)f the facts alleged raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend”]; Federal Ins. Co. v Kozlowski, 18 AD3d 33, 41 [1st Dept 2005] [“(t)he ultimate validity of the underlying complaint’s allegations is irrelevant”].)
In New York, insurers claiming an exception or exclusion to coverage bear a heavy burden to demonstrate the applicability of the exclusion or exception to coverage in the particular case (Seaboard Sun Co., 64 NY2d 304 [1984]). Thus:
*554 “[W]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so ‘in clear and unmistakable’ language. (Kratzenstein v Western Assur. Co., 116 NY 54, 59; see, also, Hartol Prods. Corp. v Prudential Ins. Co., 290 NY 44, 49-50.) Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. (Taylor v United States Cas. Co., 269 NY 360, 363; Griffey v New York Cent. Ins. Co., 100 NY 417, 421; Rann v Home Ins. Co., 59 NY 387, 389; see, also, Wagman v American Fid. & Cas. Co., 304 NY 490.) Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case (Neuwirth v Blue Cross & Blue Shield, 62 NY2d 718; Prashker v United States Guar. Co., 1 NY2d 584, 592, supra; Slocovich v Orient Mut. Ins. Co., 108 NY 56, 66), and that they are subject to no other reasonable interpretation (cf. International Paper Co. v Continental Cas. Co., supra, at p 325; Hoffman v Aetna Fire Ins. Co., 32 NY 405, 413-415).” (Id. at 311.)
Nevertheless, an insurer may be relieved of its duty to defend if it can establish, as a matter of law, that there is no possible factual or legal basis upon which it might eventually be obligated to indemnify its insured, or by proving that the allegations fall within a policy exclusion (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169 [1997]; see also Kozlowski, 18 AD3d at 41 [“(t)he obligation to defend is readily understood and its requirement is clear — the insurer must afford a defense to the insured for covered as well as noncovered claims if the latter are intertwined with covered claims”]; Trustees of Princeton Univ. v National Union Fire Ins. Co. of Pittsburgh, Pa., 15 Misc 3d 1118[A], 2007 NY Slip Op 50753[U] [Sup Ct, NY County 2007, Freedman, J.]).
As previously stated, after submission of this motion and cross motion, the Conopeo action was discontinued against Moskowitz. He neither received nor paid any money in connection therewith. If the Conopeo action was not discontinued against Moskowitz, the allegations of the Conopeo complaint would have had to be compared to the terms of the policy in order to *555 determine whether a duty to defend by American Guarantee existed (A. Meyers & Sons Corp., 74 NY2d at 302-303).
Although American Guarantee advanced three grounds in support of its position that it had no duty to defend Moskowitz in the Conopeo action, it is clear that American Guarantee’s proof failed to meet the stringent level required to demonstrate that, as a matter of law, it owed no duty to defend Moskowitz in the Conopeo action. That being said, the question is whether American Guarantee, claiming lack of coverage, or exclusion of coverage, is entitled to reimbursement of the legal fees it forwarded on Moskowitz’ behalf to represent him in the Conopeo action. Stated otherwise, even though Moskowitz had a right to a defense from American Guarantee, has American Guarantee demonstrated that the Conopeo action was outside the scope of coverage under the policy, or otherwise subject to an exclusion, sufficient to show that it is entitled to reimbursement of the sums expended to defend Moskowitz in the Conopeo action?
Among other things, the Conopeo complaint recited that Moskowitz was an attorney for Wein and that he was retained to perform legal services on her behalf and on behalf of her entities. Notwithstanding these allegations, American Guarantee argues that the allegations are outside the scope of coverage because the Conopeo complaint also includes generic claims for fraud and violation of federal statutes against Moskowitz. While the federal complaint certainly did contain these claims, the fact that the action was discontinued supports Moskowitz’ contention that the, now discontinued, action arose out of his legal representation of his clients, and that it fell within the scope of the coverage of the policy. Any other reading would be inconsistent with the clear nature and purpose of the policy, and I decline to do so.
There is no merit to American Guarantee’s claim that, even if the allegations against Moskowitz in the Conopeo complaint are otherwise covered, the exclusion of coverage contained in exclusion D is applicable. American Guarantee may not avail itself of the “officer, director” exclusion simply because the Conopeo complaint characterizes Moskowitz as a de facto officer of one of the defendant corporations named therein.
The cases relied upon by American Guarantee do not support its position. For example, in Seskin & Sassone v Liberty Inti. Underwriters (306 AD2d 520 [2d Dept 2003]), unlike here, the complaint in the underlying action contained no allegations that the insured performed legal services for any party in the *556 underlying action, or that the performance of such activities or services otherwise gave rise to a cause of action for which coverage would be provided under the subject policy. Instead, the Court in Seskin found that the allegations fell wholly within the policy exclusion for claims arising out of services performed by the insured in the capacity “as an officer, director, partner . . . or employee of any organization other than the named insured” (id. at 521, citing Frontier Insulation Contrs., 91 NY2d 169 [1997]).
Additionally, American Guarantee has not come forward with any cogent reason or proof why the damages sought in the Conopeo complaint are not covered damages.
Therefore, since American Guarantee has not met the burden the law imposes upon it in order to exclude coverage, defendants have shown that the Conopeo action was in fact covered under the policy. In light of the above, defendants, under the terms of the policy, are entitled to reimbursement of their costs, including attorneys’ fees, herein (see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21 [1979]; see also U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 598 [2004]).
Accordingly, it is ordered that the motion by plaintiff American Guarantee and Liability Insurance Company for summary judgment is denied, and it is further ordered that the cross motion by defendants Avraham Moskowitz and Moskowitz & Book, LLP for an order, granting partial summary judgment, declaring that they are entitled to recover from American Guarantee any sums they have paid to their attorneys in connection with the instant insurance coverage action, and directing that an inquest be held to determine the amounts defendants are entitled to recover, is granted; and it is further ordered that the issue of the amount of such reasonable costs and attorneys’ fees is referred to a special referee to hear and report with recommendations, except that, in the event of and upon the filing of a stipulation of the parties enlarging the reference, as permitted by CPLR 4317 (a), to include the reasonable amount of costs and attorneys’ fees incurred in this action, the special referee, or another person designated by the parties to serve as referee, shall determine the aforesaid issue(s); and, it is further ordered that a copy of this order with notice of entry shall be served on the special referee clerk (room 119) to arrange a date for the reference to a special referee.

 That provision goes on to state that “this exclusion shall not apply in the absence of a final adjudication or admission by an Insured that the act or omission was intentional, criminal, fraudulent, malicious or dishonest.”