In an action, inter alia, to recover damages for trespass and nuisance, (1) the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 26, 2007, which denied, as untimely, their separate cross motion for summary judgment dismissing the complaint, (2) the plaintiffs appeal, as limited by their brief, from so much of an order of the same court, also entered June 26, 2007, as denied their cross motion for summary judgment on the issue of liability on the causes of action to recover damages for trespass and for a permanent injunction, and (3) the plaintiffs appeal from stated portions of a third order of the same court, also entered June 26, 2007.
Ordered that the appeal by the plaintiffs from the third order entered June 26, 2007 is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the first order entered June 26, 2007 is affirmed, without costs or disbursements; and it is further,
Ordered that the second order entered June 26, 2007 is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court set a deadline for the making of motions for summary judgment in this action, and fixed the deadline at 30 days following the date of the filing of a note of issue (see CPLR 3212 [a]). The defendants’separate cross motion for summary judgment dismissing the complaint was made more than 30 days after the filing of the note of issue. Since the defendants did not establish “good cause” for the delay, the Supreme Court *607 properly denied the separate cross motion, on the basis of untimeliness alone, without addressing the merits (see Brill v City of New York, 2 NY3d 648, 654 [2004]; Kennedy v Bae, 51 AD3d 980, 981 [2008]; Milano v George, 17 AD3d 644, 645 [2005]).
In support of their timely cross motion for summary judgment on the issue of liability on the causes of action to recover damages for trespass and , for a permanent injunction, the plaintiffs submitted the affirmation of the plaintiff Dorothy Finger, who is an attorney. The Supreme Court properly disregarded the affirmation since, in her capacity as a plaintiff with personal knowledge of the facts underlying the dispute, she should have submitted an affidavit (see CPLR 2106; LaRusso v Katz, 30 AD3d 240, 243 [2006]; Samuel & Weininger v Belovin & Franzblau, 5 AD3d 466 [2004]). This deficiency rendered the plaintiffs’ moving papers insufficient to support the relief requested (see Seven Acre Wood St. Assoc. v Town of Bedford, 302 AD2d 511 [2003]).
The plaintiffs’ separate appeal from so much of the third order entered June 26, 2007 as granted that branch of the defendants’ motion which was pursuant to CPLR 4102 (e) for an extension of time to file a demand for a jury trial must be dismissed as abandoned, since, in their brief, they failed to raise any argument with respect to the granting of that branch of the defendants’ motion and they did not seek reversal of that portion of the order (see Andre v City of New York, 47 AD3d 605, 606 [2008]). Skelos, J.P., Angiolillo, Balkin and Chambers, JJ., concur.
19