In the Matter of LISA NAZARIO, Respondent, v JOHN J. CIAFONE, Appellant. [887 NYS2d 117]—

In a proceeding to compel John J. Ciafone to turn over the petitioner's file to the petitioner's new attorney and for an award of costs and the imposition of sanctions pursuant to 22 NYCRR 130-1.1, the petitioner's former attorney John J. Ciafone appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 8, 2008, which granted the petition.

Ordered that the order is affirmed, with costs.

In support of that branch of the petition which was to compel the appellant to turn over the petitioner's file to her new attorney, the petitioner presented proof that on January 25, 2007 the appellant received her letter discharging him as her at-

torney and requesting him to turn over her file. In opposition, the appellant submitted his affirmation in support of his claims that the petitioner had given him more time to work on her file and that he had a common-law retaining lien on the file to secure his right to reimbursement of disbursements (see *Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-459 [1989]; *Lelekakis v Kamamis,* 8 AD3d 630 [2004]; *Lansky v Easow,* 304 AD2d 533 [2003]; *Landy v Jacobs,* 284 AD2d 432 [2001]). The appellant is a party to this proceeding; therefore, his submission of an affirmation rather than an affidavit was insufficient to oppose the petition because it was not in admissible form (see CPLR 2106; *Slavenburg Corp. v Opus Apparel,* 53 NY2d 799, 801 n [1981]; *Pisacreta v Minniti,* 265 AD2d 540 [1999]; *Lauer v Rapp,* 190 AD2d 778 [1993]). Furthermore, he failed to submit any proof demonstrating that he had earned any fee or was entitled to recover any disbursements that had been paid prior to the effective date of the discharge (cf. *Lelekakis v Kamamis,* 8 AD3d 630 [2004]; *Lansky v Easow,* 304 AD2d 533 [2003]; *Security Credit Sys. v Perfetto,* 242 AD2d 871 [1997]; *Roskind v Brown,* 29 AD2d 549, 550 [1967]). Accordingly, the court properly granted that branch of the petition which was to compel the appellant to turn over the petitioner's file to her new attorney without holding an expedited hearing, since the appellant's papers in opposition failed to raise an issue of fact regarding a retaining lien for disbursements.

Furthermore, the court providently exercised its discretion in granting that branch of the petition which was pursuant to 22 NYCRR 130-1.1 for an award of costs and the imposition of sanctions against the appellant. Contrary to the appellant's contention, since the petitioner expressly requested the subject relief in her motion papers, and the appellant was afforded an opportunity to be heard and to oppose the motion, a hearing was not required (see 22 NYCRR 130-1.1 [d]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y. v 198 Broadway,* 76 NY2d 411, 413 n [1990]; *Matter of Balsamo,* 55 AD3d 905, 906 [2008]; *Wesche v Wesche,* 51 AD3d 909, 910 [2008]; *RCN Constr. Corp. v Fleet Bank, N.A.,* 34 AD3d 776 [2006]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur. [*See* 2008 NY Slip Op 30140(U).]