[896 NYS2d 565]

# J & L REPORTING SERVICES OF WESTCHESTER, INC., Appellant, v GARY M. DARCHE, Respondent.

Supreme Court, Appellate Term, Second Department, December 30, 2009

APPEARANCES OF COUNSEL

*Paul D. Jaffe*, White Plains, for appellant.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment is affirmed without costs.

In this action to recover unpaid finance charges allegedly due on an agreement for court reporting services, plaintiff moved for summary judgment. In an affidavit in support of the motion, plaintiff's president asserted that defendant had personally agreed to pay for the services. Following the submission of opposing and reply papers, the Civil Court denied plaintiff's motion on the ground that triable issues of fact existed warranting a trial. After a nonjury trial, a judgment was entered dismissing the complaint. Plaintiff appeals from the judgment and solely challenges the denial of its motion for summary judgment.

The Civil Court erred in finding that the papers submitted by defendant in opposition to plaintiff's summary judgment motion had raised a triable issue of fact. Since plaintiff, in its reply papers, had objected to the opposition papers, which consisted solely of an affirmation by defendant, an attorney, these papers should not have been considered by the Civil Court (*see* CPLR 2106; *Matter of Nazario v Ciafone*, 65 AD3d 1240 [2009]). Nevertheless, for the reasons that follow, we affirm the judgment.

The services in question were rendered prior to the effective date of General Business Law § 399-cc and, thus, said statute does not apply to this case. Prior to the enactment of section 399-cc, when an attorney contracted for stenographic services as an agent for his client, and the fact of his agency was known to the party with whom he contracted, the attorney could not be held responsible for payment of such services in the absence of his undertaking to assume such responsibility (*Bonynge v Field*, 81 NY 159 [1880]; *e.g. Urban Ct. Reporting v Davis*, 158 AD2d 401 [1990]).

We find that plaintiff failed to meet its burden of establishing that defendant had agreed to be personally liable for plaintiff's services. Plaintiff's president alleged in her affidavit that she had known at the time the services had been rendered that defendant was representing a client. While she claimed that, at that time, "it was agreed that the costs of the transcript would be shared by counsel for both parties," she failed to establish that she was present and personally witnessed the agreement or

that she otherwise had any personal knowledge that defendant had agreed to be responsible for the payment of the services in question. Nor was any documentary evidence produced to support plaintiff's president's conclusory assertion that defendant had agreed to pay for said services.

Plaintiff's remaining contentions are either rendered academic or are based on matters that are dehors the record. Accordingly, the judgment is affirmed.

The decision and order of this court entered herein on December 31, 2008 (*see* 22 Misc 3d 126[A], 2008 NY Slip Op 52592[U] [2008]) are hereby recalled and vacated (*see* 2009 NY Slip Op 92796[U] [2009] [motion decided simultaneously herewith]).

GOLIA, J., concurs in the result in the following memorandum: Although I concur with my colleagues in both their analysis and holding in this case, I nevertheless feel compelled to recite the dicta expressed by the Appellate Division, First Department, in the cited case of *Urban Ct. Reporting v Davis* (158 AD2d 401, 402 [1990]), to wit: "we think an attorney who, on his client's behalf, obtains goods or services in connection with litigation should be held personally liable unless the attorney expressly disclaims such responsibility." "[M]ore than a mere agent [the attorney] is governed by higher principles than those relating to the ordinary, common law principles of 'master and servant'. Adoption of this rule would not absolve the client of liability since payment for litigation costs is ultimately the responsibility of the client" (*id.* [internal quotation marks and citations omitted]).

Indeed, shortly after the events that created the dispute in this case, the dicta of the Appellate Division, First Department, was codified by chapter 678 of the Laws of 2005, which added a second section 399-cc to the General Business Law. That statute places the ultimate obligation to pay for stenographic services upon the attorney who ordered them.

PESCE, P.J., and RIOS, J., concur; GOLIA, J., concurs in a separate memorandum.