OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the action is dismissed and the fine and administrative fee, if paid, are remitted.
This action was commenced to impose a civil liability upon defendant as the owner of a vehicle which was recorded by a “traffic-control signal photo violation-monitoring” device failing to comply with a traffic-control device in violation of Local Law No. 12 (2009) of the County of Nassau, which established title 72 of the Miscellaneous Laws of Nassau County, Vehicle Owner Liability for Failure of Operator to Comply with Traffic-Control Indications (see Vehicle and Traffic Law §§ 1111-b, 1111 [d]). It was alleged in the notice of liability that a vehicle owned by defendant had not stopped at a red light on March 5, 2011 at “EB [eastbound] Old Country Manetto Hill RD/Plainview Rd.”
At the hearing, the People introduced into evidence a technician’s certificate as prima facie evidence of the alleged violation of Vehicle and Traffic Law § 1111 (d). The certificate, which was affirmed by the technician, stated, among other things, that defendant’s vehicle had not come to a full stop at a specified red traffic light nor did it remain there until the light turned green. The court admitted the technician’s certificate into evidence over defendant’s objection that it had not been notarized. The court found defendant liable and imposed a civil liability upon him in the sum of $50, plus a $30 administrative fee.
Pursuant to Vehicle and Traffic Law § 1111-b (d), “[a] certificate, sworn to or affirmed by a technician employed by Nassau county in which the charged violation occurred . . . based upon inspection of photographs, microphotographs, videotape or other recorded images produced by a traffic-control signal photo violation-monitoring system, shall be prima facie evidence of the facts contained therein.” To be effective such a certificate must be sworn to or affirmed before a notary public or other authorized official (CPLR 2309 [a]; see Slavenburg Corp. v Opus Apparel, 53 NY2d 799, 800 [1981]). Pursuant to CPLR 2106, only an attorney, physician, osteopath or dentist authorized to practice in the State of New York can serve and file an affirma *58 tion bearing his or her signature alone (provided they are not a party to the action) in place of an affidavit. Here, the certificate was not in authorized form since it was neither sworn to nor affirmed before a notary public or other authorized individual (see CPLR 2309 [a]). Thus, the certificate is without probative value and should have been disregarded by the court. Consequently, the People failed to establish a prima facie case against defendant (see Vehicle and Traffic Law § 1111-b [d]).
We pass upon no other issue.
Accordingly, the judgment is reversed and the action is dismissed.
Tolbert, J.P., Garguilo and Connolly, JJ., concur.