Matter of Monroe St. v City of New York (2022 NY Slip Op 00972)





Matter of Monroe St. v City of New York


2022 NY Slip Op 00972


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 158466/19 Appeal No. 15319 Case No. 2020-04817 

[*1]In the Matter of Monroe Street, Individually and on Behalf of All Others Similarly Situated, Petitioner Appellant-Respondent,
v
The City of New York, et al., Defendants Respondents-Appellants.


Pardalis & Nohavicka, LLP, New York (Israel Klein of counsel), for appellant-respondent.
Georgia M. Pestana, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 13, 2020, which denied respondents' (the City) CPLR 3211(a)(7) motion to dismiss the hybrid complaint/CPLR article 78 petition, denied petitioner's motion for class certification, and granted the petition to the extent of vacating a notice of liability issued to petitioner on March 18, 2019, unanimously modified, on the law, to grant the motion to dismiss, deny the petition, and dismiss the proceeding, and otherwise affirmed, without costs.
In this putative class action, Supreme Court denied respondents' motion to dismiss on the ground that photographs demonstrating that petitioner's car ran a red light were not accompanied by a notarized statement from a Department of Transportation employee. For over half a century, the legislature has consistently provided for prima facie liability for minor traffic offenses to be established by a simple, nonnotarized affirmation under penalty of perjury, using the same "sworn to or affirmed" language. Legislative history establishes the plain intent and meaning of the "sworn to or affirmed" language of Vehicle and Traffic Law § 1111-a(d): that the reviewing technician merely affirm, under penalty of perjury, the veracity of his statement. No notarization is necessary.
In the instant administrative proceeding, the notice of liability was supported by the requisite affirmation. The video images authenticated by the technician show petitioner's car running a red light. This constitutes, as per the statute, "prima facie evidence" of the traffic violation (Vehicle and Traffic Law §1111-a[d]). Petitioner does not contest this evidence; instead, he contests only the validity of the technician's certificate. Petitioner has thus failed to overcome the City's prima facie establishment of liability.
Petitioner's reliance on CPLR 2106 and 2309, which provide that only the professionals designated in CPLR 2106 can execute a sworn statement without notarization, is unavailing. The CPLR applies only in "civil judicial proceedings" (CPLR 101). A "civil judicial proceeding" is "a prosecution, other than a criminal action, of an independent application to a court for relief" (CPLR 105[d]). Hence, absent some other statutory directive, CPLR 2106 and 2309 will not apply in administrative proceedings (see Matter of Sori-Goalya Realty v New York City Loft Bd., 284 AD2d 137, 137-138 [1st Dept], lv denied, 97 NY2d 601 [2001]; Matter of United States Power Squadrons v State Human Rights Appeal Bd., 84 AD2d 318, 325 [2d Dept 1981], affd 59 NY2d 401 [1983]). We decline to follow the decision of the Appellate Term, Second Department, in People v Eisenstadt (48 Misc 3d 56, 58 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Since petitioner's substantive claims are without merit, there is no basis for certification of a class (see Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 482 [1st Dept 2009]; Brandon v Chefetz, 106 AD2d 162, 168 [1st Dept 1985]).THIS [*2]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022